UNITED STATES, Appellee,

v.

Jose D. AVILA, Jr., Corporal, U.S.
Marine Corps, Appellant.

No. 99–0399.
Crim.App. No. 97–0776.

U.S. Court of Appeals for
the Armed Forces.

Argued Jan. 12, 2000.

Decided June 9, 2000.

EFFRON, J., delivered the opinion of the
Court, in which SULLIVAN and GIERKE,
JJ., and COX, S.J., joined. CRAWFORD,
C.J., filed an opinion concurring in the result.

For Appellant: *Lieutenant Michael A. Castelli*, JAGC, USNR (argued); *Lieutenant J.L. Eichenmuller*, JAGC, USNR (on brief).

For Appellee: *Lieutenant Commander Philip Sundel*, JAGC, USNR (argued); *Colonel Kevin M. Sandkuhler*, USMC, and *Commander Eugene E. Irvin*, JAGC, USN (on brief); *Major Troy D. Taylor*, USMC.

Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of a military judge sitting alone convicted appellant, pursuant to his pleas, of one specification each of conspiracy to possess and import marijuana; wrongful possession of 60.5 pounds of marijuana with intent to distribute; and importation of 60.5 pounds of marijuana, in violation of Articles 81 and 112a, Uniform Code of Military Justice, 10 USC §§ 881 and 912a, respectively. He was sentenced to a dishonorable discharge, confinement for 13 years, total forfeitures, and reduction to pay grade E–1. The convening authority approved the sentence but, in accordance with a pretrial agreement, suspended confinement in excess of 10 years. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion.

We granted review of the following issue: WHETHER THE LOWER COURT ERRED WHEN IT DETERMINED THAT THE CAMP PENDLETON BRIG'S ARBITRARY AND CAPRICIOUS IMPOSITION OF 441 DAYS OF MAXIMUM CUSTODY SOLITARY CONFINEMENT DID NOT VIOLATE THE EIGHTH AMENDMENT AND ARTICLE 55, UCMJ, 10 USC § 855.

We affirm for the reasons set forth below.

## I. BACKGROUND

On May 18, 1996, U.S. Customs agents discovered more than 60 pounds of marijuana in a car occupied by appellant and his cousin's husband (R.29) at the border between Mexico and the United States. Appellant was arrested and placed in. pretrial confinement at the Camp Pendleton Brig on May 24, 1996. He was put in Special Quarters, maximum custody, and remained there until his sentencing on October 11, 1996, for a total of 140 days of pretrial confinement. Appellant did not challenge the conditions of his pretrial confinement at trial. He pleaded guilty and was returned to the brig for another 281 days, until he was transported to Fort Leavenworth on July 21, 1997, to serve his approved sentence. In terms of both pre-trial and post-trial confinement, appellant spent 421 days in maximum custody at the Camp Pendleton Brig. His post-trial submissions to the convening authority did not raise any objection to the conditions of his confinement. In support of his request for clemency, he simply noted that "I have spent the last 10 months in solitary confinement at the brig thinking about what I did."

Appellant first challenged the conditions of pretrial and post-trial confinement in his appeal to the Court of Criminal Appeals. In affidavits submitted to that court, appellant complained that he had been housed in a windowless cell; could not communicate with other inmates; was only allowed one hour of recreation per day, five days per week; had to wear handcuffs and shackles when escorted outside his cell; and had to remain behind a Plexiglas partition when receiving visitors. Appellant also claimed that the brig counselor denied his request to be housed with the general population. The Government did not dispute the conditions of appellant's confinement, but, via an affidavit from a brig official, denied that appellant ever questioned his custody status or housing assignment.

The court below, 1998 WL 918614 awarded appellant 140 days of additional administrative credit for his pretrial confinement on the ground that the Camp Pendleton Brig had an "unreasonable" policy of assigning detainees who faced potential confinement of more than 5 years to maximum custody segregation, a policy which was inconsistent with the "individualized assessment" required by Article 13, UCMJ, 10 USC § 813. Unpub. op. at 7. The court rejected appellant's request for further relief based upon his claim that the pretrial and post-trial confinement constituted cruel and unusual punishment in violation of the Eighth Amendment. *Id.* at 7.

## II. DISCUSSION

We agree with the court below. Appellant has not demonstrated that the conditions of his confinement amounted to cruel and unusual punishment.[1]

A servicemember is entitled, both by statute and the Eighth Amendment, to protection against cruel and unusual punishment. *See United States v. Matthews,* 16 MJ 354, 368 (CMA 1983); Art. 55, UCMJ, 10 USC § 855. In general, we have applied the Supreme Court's interpretation of the Eighth Amendment to claims raised under Article 55, except in circumstances where we have discerned a legislative intent to provide greater protections under the statute. *See United States v. Wappler,* 2 USCMA 393, 396, 9 CMR 23, 26 (1953). The present case does not involve a claim that the conditions of confinement warrant a wider degree of protection under Article 55 than the protections applicable to civilians under the Cruel and Unusual Punishment Clause of the Eighth Amendment. The Supreme Court has held that "[t]he Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)(quoting *Rhodes v. Chapman,* 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). In order to find a violation of the Eighth Amendment, two requirements must be met:

First, the deprivation alleged must be, objectively, "sufficiently serious"; a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." ... The second re-
quirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." In prison-conditions cases, that state of mind is one of "deliberate indifference" to inmate health or safety[.]

511 U.S. at 834, 114 S.Ct. 1970 (citations omitted).

Conditions the Supreme Court has found to violate the Eighth Amendment include the deprivation of medical treatment and "deliberate indifference to serious medical needs," *Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); the use of excessive force against inmates, *Hudson v. McMillian,* 503 U.S. 1, 4, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); and the failure to provide sufficient food, sanitary housing, and safety from beatings or torture by other inmates or guards, *Hutto v. Finney,* 437 U.S. 678, 687, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978)(citing with approval the district court's findings on cruel and unusual punishment in *Finney v. Hutto,* 410 F.Supp. 251 (E.D.Ark. 1976)). This case does not involve similar treatment.

Solitary confinement, *per se,* has not been held to violate the Cruel and Unusual Punishment Clause.[2] *Sostre v. McGinnis,* 442 F.2d 178, 192 (2d Cir.1971), *cert. denied,* 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740, and 405 U.S. 978, 92 S.Ct. 1190, 31 L.Ed.2d 254 (1972). Federal civilian courts have reviewed the specific conditions of solitary confinement to determine whether

---

1. Under our precedents, a person requesting relief on the ground of cruel and unusual punishment must demonstrate exhaustion of administrative remedies prior to seeking judicial intervention. *See United States v. Coffey,* 38 MJ 290 (1993). In the present case, the Government disputes appellant's factual assertion that he made a complaint to prison officials, and the Government also disagrees with appellant's position that such action, if taken, fulfilled the exhaustion requirement. We need not resolve these matters in view of our conclusion that appellant has not demonstrated that his allegations, if true, constituted cruel and unusual punishment.

2. Appellant in his brief and letter to the convening authority described his circumstances as solitary confinement. The Government, brig officials, and brig regulations referred to appellant's confinement status as maximum custody confinement or segregation. The cases cited in this section do not refer to confinement outside the general population of inmates as "solitary confinement," but as "punitive segregation" or "administrative segregation." None of these cases, appellant's included, involved actual conditions of complete deprivation of human contact, as a popular understanding of the phrase "solitary confinement" might suggest.

the confinement involved deprivation of basic needs or unnecessary infliction of pain. *See Hutto, supra* at 686–87, 98 S.Ct. 2565. They have held that routine conditions associated with punitive or administrative segregation do not rise to the level of a deprivation of life's necessities and violation of the Eighth Amendment. These conditions include restrictions or prohibitions on the opportunity to talk to other prisoners, exercise outside a cell, visitation privileges, telephone privileges, meal choices, and reading material. *See, e.g., O'Brien v. Moriarty,* 489 F.2d 941 (1st Cir.1974); *Sostre,* 442 F.2d at 192, *Gibson v. Lynch,* 652 F.2d 348 (3d Cir.1981), *cert. denied,* 462 U.S. 1137, 103 S.Ct. 3123, 77 L.Ed.2d 1375 (1983); *Sweet v. South Carolina Dept. of Corrections,* 529 F.2d 854 (4th Cir.1975); *Holloway v. Gunnell,* 685 F.2d 150 (5th Cir.1982); *Meriwether v. Faulkner,* 821 F.2d 408 (7th Cir.1987), *cert. denied,* 484 U.S. 935, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987); *Ramos v. Lamm,* 639 F.2d 559 (10th Cir.1980), *cert. denied,* 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981); *Bass v. Perrin,* 170 F.3d 1312 (11th Cir.1999). The courts have also rejected the contention that deprivation of human contact, including the harmful effect it may potentially have on a prisoner's mental health, violates the Eighth Amendment. *See Jackson v. Meachum,* 699 F.2d 578 (1st Cir.1983); *Sostre v. McGinnis* and *Sweet v. South Carolina Dept. of Corrections,* both *supra.* Furthermore, the length of a prisoner's stay in segregation does not, by itself, constitute cruel and unusual punishment, but is simply a factor to be considered along with the other aspects of confinement. *Hutto,* 437 U.S. at 686, 98 S.Ct. 2565.

Appellant has not demonstrated that the conditions of his confinement were more adverse than those faced by civilian prisoners whose claims of cruel and unusual punishment have been rejected by other courts. Appellant contends, however, that because he did not fit any of the criteria for pretrial or post-trial maximum-custody confinement set forth in the applicable Navy regulation, ¶¶ 4202, 4205, Secretary of the Navy Instruction 1640.9B (Dec. 2, 1996), his placement in more restrictive confinement, by itself, constitutes cruel and unusual punishment. The fact that regulations were not followed does not demonstrate a "sufficiently serious" deprivation under the Eighth Amendment. As we have indicated in the Article 13 context, noncompliance with regulations may be evidence supporting a claim, but is not determinative of the issue of punishment. *See United States v. McCarthy,* 47 MJ 162 (1997). In the present case, noncompliance with the assignment regulation, without more, does not demonstrate that the actual conditions of his confinement rose to the level of cruel and unusual punishment under Article 55 or the Eighth Amendment.

## III. DECISION

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.

CRAWFORD, Chief Judge (concurring in the result):

Appellant is entitled to no relief. He neither exhausted his administrative remedies to complain of his allegedly onerous confinement conditions, nor sought judicial relief at his court-martial. Accordingly, he waived the issue. *See United States v. Miller,* 46 MJ 248, 250 (1997)(appellant must show he exhausted either the prisoner-grievance procedure or Article 138, UCMJ, 10 USC § 938, remedies, or unusual circumstances exist justifying failure to pursue and exhaust); *United States v. Huffman,* 40 MJ 225 (CMA 1994)(Crawford and Gierke, JJ., dissenting in part and concurring in the result)(failure to raise pretrial punishment at trial generally waives the matter); *United States v. Coffey,* 38 MJ 290, 291 (CMA 1993)(a prisoner seeking judicial intervention to resolve a cruel and unusual punishment claim must first exhaust available administrative relief). Accordingly, I join in the decision to affirm the Court of Criminal Appeals.