UNITED STATES, Appellee,

v.

Specialist Charles F. ROTH, United States Army, Appellant.

ARMY 9600441.

U.S. Army Court of Criminal Appeals.

22 Oct. 2002.

For Appellant: Colonel Adele H. Odegard, JA; Lieutenant Colonel David A. Mayfield, JA; Major Mary M. McCord, JA; Captain Stephanie L. Haines, JA (on original brief); Colonel Adele H. Odegard, JA; Major Imogene M. Jamison, JA; Captain Stephanie L. Haines, JA (on supplemental brief); Lieutenant Colonel E. Allen Chandler, Jr., JA.

For Appellee: Lieutenant Colonel Edith M. Rob, JA; Major Paul T. Cygnarowicz, JA (on original brief); Colonel Steven T. Salata, JA; Lieutenant Colonel Denise R. Lind, JA; Major Paul T. Cygnarowicz, JA (on supplemental brief).

Before CHAPMAN, Senior Judge, CLEVENGER, and CARTER, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

CARTER, Judge:

This is a sentence rehearing case in which appellant, relying on our decision in *United States v. Kinsch*, 54 M.J. 641 (Army Ct.Crim. App.2000), asserts that he suffered cruel and unusual punishment when his left testicle was painfully and permanently injured during a weapons frisk by a prison guard "totally without penological justification." For the reasons stated herein, we disagree.

At a general court-martial composed of officer members, appellant pleaded guilty to wrongful disposition of military property (two specifications), in violation of Article 108, Uniform Code of Military Justice, 10 U.S.C. § 908 [hereinafter UCMJ]. Contrary to his pleas, he was convicted of attempted sale of military property (three specifications), conspiracy to sell military property, and larceny of military property (thirteen sets of night vision goggles and computer equipment), in violation of Articles 80, 81, and 121, UCMJ, 10 U.S.C. §§ 880, 881, and 921. On 1 March 1996, he was sentenced to a dishonorable discharge, confinement for sixteen years, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority approved the sentence as adjudged. This court affirmed the findings of guilty and the sentence on 20 October 1997. By decision dated 30 September 1999, the U.S. Court of Appeals for the Armed Forces set aside appellant's sentence and authorized a rehearing. *United States v. Roth*, 52 M.J. 187 (1999).

At a sentence rehearing on 25 January 2000, a panel composed of officer and enlisted members sentenced appellant to a bad-conduct discharge, confinement for eight years, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority approved the sentence as adjudged and ordered that appellant be credited with a total of 1,579 days of confinement against the approved sentence. The case is now before the court under Article 66, UCMJ, 10 U.S.C. § 866, for review of the sentence rehearing.

### Facts

The pertinent facts are not in dispute. On 18 March 1998, while serving post-trial confinement pursuant to his original sentence, appellant was injured when his left testicle was hit or squeezed by a military guard during a routine weapons frisk while leaving the dining facility at the United States Disciplinary Barracks (USDB). Appellant filed numerous complaints with prison officials, beginning on the evening of his injury, but all inquiries concluded no impropriety by the guard. Appellant received regular and appropriate medical care for the next several months, but he continued to suffer pain and

discomfort in his left testicle. Ultimately, on 22 September 1999, appellant was sent to St. Joseph, Missouri, for surgery in the form of a vasectomy to remove the injured portion of the spermatic cord leading to his left testicle.

The issue of cruel and unusual punishment was not raised or litigated at appellant's sentence rehearing. In his four-page personal request for clemency submitted to the convening authority under Rule for Courts–Martial [hereinafter R.C.M.] 1105, appellant mentioned the incident in one paragraph:

> [O]n 18 March, 1998, I suffered a serious injury at the hands of a guard here at the [USDB]. I was HIT, SQUEEZED and PULLED on my left testicle upon leaving the dining facility, on what I thought would be a routine Pat–Frisk Down search. [Due] to this injury, I had to have a vasectomy to remove a ruptured cord that was causing extreme pain and blood in my urine. Because of this injury, I may never be able to have children.

## Discussion

■ The USDB, like other prisons, strictly enforces penal rules of conduct to safeguard the public and to protect cadre, staff, and other inmates. This court does have jurisdiction to determine under Article 66, UCMJ, whether the adjudged and approved sentence of a court-martial is being executed in a cruel or unusual manner in violation of the Eighth Amendment or Article 55, UCMJ, 10 U.S.C. § 855. *United States v. Erby*, 54 M.J. 476 (2001); *United States v. White*, 54 M.J. 469 (2001). However, in exercising that jurisdiction, we recognize that " 'federal courts ought to afford appropriate deference and flexibility to [prison] officials trying to manage a volatile environment.' " *United States v. Smith*, 56 M.J. 653, 658 (Army Ct.Crim.App. 2001) (quoting *Sandin v. Conner*, 515 U.S. 472, 482, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)).

■ Every injury that an inmate suffers in prison at the hands of a guard does not equate to cruel and unusual punishment. Inmate claims of cruel and unusual punishment, including those of excessive use of force, must satisfy both an objective and a subjective component to warrant relief. *See*

*Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Objectively, the inmate must demonstrate that the alleged deprivation or injury was "sufficiently serious" to warrant relief. *United States v. Sanchez,* 53 M.J. 393, 395 (2000); *United States v. Avila,* 53 M.J. 99, 101 (2000); *Kinsch,* 54 M.J. at 647. The inmate must also establish that the guard had a culpable state of mind and subjectively intended to maliciously or sadistically harm the inmate through the use of wanton or unnecessary force, and that the injury was not caused by a good faith effort to maintain or restore discipline. *Hudson v. McMillian,* 503 U.S. 1, 5–7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); *Kinsch,* 54 M.J. at 647.

■ We find that appellant has established that he suffered a painful and permanent injury to his left testicle that was "sufficiently serious" to satisfy the objective component of the two-part test for excessive use of force cases. We further find, however, that appellant has not demonstrated that the guard maliciously or sadistically injured appellant though the use of wanton or unnecessary force, or that appellant's injury was not caused by a good faith effort to maintain discipline.

In neither his R.C.M. 1105 matters to the convening authority nor his numerous materials submitted to this court under *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982), does appellant provide any evidence to substantiate his implied, if not expressed assertion, that he was intentionally injured by the guard during the weapons frisk on 18 March 1998. Consequently, appellant's reliance on *Kinsch* is misplaced. In *Kinsch,* and a number of companion cases, we clearly set forth this court's intolerance for maltreatment of prisoners by guards and granted relief for cruel and unusual punishment when one particular prison guard repeatedly, intentionally, maliciously, and sadistically struck a number of inmates in the testicles under the pretense of pat-down searches. *Kinsch,* 54 M.J. at 648.

Considering the record as a whole, including the numerous materials submitted by appellant, we find that he has failed to estab-

lish that his injury was intentionally inflicted. Appellant provides no evidence that this guard ever injured any other inmate or ever injured appellant on any other occasion. This was a onetime, accidental injury for which appellant received timely and appropriate medical treatment. Appellant was injured during a lawful search for weapons by a prison guard consistent with the USDB's operational and security requirements. Properly executed, frequent, and thorough body frisks and pat downs are a necessary and appropriate aspect of prison security. Having failed to establish that the frisking guard possessed the requisite culpable state of mind, or that he used wanton or unnecessary force to inflict pain or punishment upon appellant for no lawful penal purpose, appellant is not entitled to relief for cruel and unusual punishment. *See Sanchez,* 53 M.J. at 395; *Avila,* 53 M.J. at 101.

### Decision

We have considered appellant's remaining assignment of error and appellant's other *Grostefon* matters and find them to be without merit. The sentence is affirmed.

Senior Judge CHAPMAN and Judge CLEVENGER concur.