# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32523**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Cawahn D. BURRELL**
Airman Basic (E-1), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 12 September 2019

————————————

*Military Judge:* Shelly W. Schools.

*Approved sentence:* Bad-conduct discharge and confinement for 45 days. Sentence adjudged 6 March 2018 by SPCM convened at Holloman Air Force Base, New Mexico.

*For Appellant:* Major Meghan R. Glines-Barney, USAF; Captain M. Dedra Campbell, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Thomas Franzinger, USAF; Mary Ellen Payne, Esquire.

Before J. JOHNSON, KEY, and RAMÍREZ, *Appellate Military Judges*.

Judge RAMÍREZ delivered the opinion of the court, in which Senior Judge J. JOHNSON and Judge KEY joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

RAMÍREZ, Judge:

A special court-martial composed of a military judge convicted Appellant, in accordance with his pleas and pursuant to a pretrial agreement, of one charge and one specification of accessory after the fact in violation of Article

78, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 878;[1] one charge and three specifications of false official statement in violation of Article 107, UCMJ, 10 U.S.C. § 907; and one charge and one specification of wrongful use of a controlled substance in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The court-martial sentenced Appellant to a bad-conduct discharge and confinement for 45 days. The convening authority approved the sentence as adjudged.[2]

Appellant raises two issues on appeal, but does so in the alternative: (1) whether the conditions of his post-trial confinement were cruel and unusual under the Eighth Amendment to the United States Constitution,[3] Article 55, UCMJ, 10 U.S.C. § 855, and Article 58, UCMJ, 10 U.S.C. § 858; or, alternatively, (2) that his post-trial conditions rendered his sentence inappropriately severe pursuant to *United States v. Gay*, 75 M.J. 264 (C.A.A.F. 2016). We find no error and affirm the findings and sentence.

## I. BACKGROUND

In November 2017, Appellant's friend, A1C DG, who was also a fellow active duty Air Force member at Holloman Air Force Base, New Mexico, went absent without leave while under criminal investigation by military authorities. Appellant had been with A1C DG the day before she absented herself, and Appellant knew she was absent without leave. In an effort to assist A1C DG in avoiding apprehension Appellant lied to his first sergeant and to an investigator from security forces about his having had contact with A1C DG. Appellant then drove A1C DG from New Mexico to Colorado, then back to New Mexico, then to Texas, all while knowing she was absent without leave. Appellant continued being untruthful to law enforcement when he lied to the investigation team from the Air Force Office of Special Investigations about having had contact with A1C DG.

During the charged time frame, between on or about 15 October 2017 and on or about 31 January 2018, Appellant smoked marijuana on a regular basis throughout the week and weekends. Appellant smoked marijuana alone, with civilians, and with military members.

---

[1] All references in this opinion to the Uniform Code of Military Justice are to the *Manual for Courts-Martial*, *United States* (2016 ed.).

[2] The court notes the following two issues in this case, even though neither requires corrective action. First, as it relates to the Court-Martial Order (CMO), Charges I and II were dismissed prior to arraignment so they should not have been included on the Report of Result of Trial or the CMO. Second, the court reporter authenticated the record, which should not have occurred as the military judge authenticated the record.

[3] U.S. CONST. amend. VIII.

Appellant pleaded guilty before a special court-martial, was found guilty, and then was sentenced. Upon receiving the confinement sentence of 45 days, he was taken to a nearby civilian confinement facility in Otero County, New Mexico (Otero County) to serve the confinement. Although sentenced to 45 days of confinement, Appellant served only 37 of those days. While at Otero County, Appellant was housed in the facility's "restricted housing unit" and wore a confinement uniform consistent with those issued to military members at Otero County. Otero County dresses each confinee in a particular type and color uniform according to their status: state confinees, federal confines, immigration detainees, and military confinees. Sex offenders are another category of confinees who also get their own type and color of clothing.

Those in Appellant's "restricted housing unit" were confined to their cells 23 hours per day, Monday through Friday, and 24 hours a day on Saturday and Sunday. When Appellant was not in his cell he was allowed to watch television in a different room or go outside. The cell had a window to the hallway, and a location where food trays were passed and where inmates would be handcuffed before leaving. Appellant's cell contained his bed, a table, a toilet, and a sink. The lights would be on from 0600 to 2200, then would be dimmed overnight. Although Appellant had his own toilet and sink, showers were available on Mondays, Wednesdays, and Fridays.

Otero County houses state, federal, and military pretrial confinees and post-trial prisoners, both male and female. Additionally, Otero County houses alleged undocumented immigrants detained during the pendency of the disposition of their immigration cases.

Otero County required prisoners to request commissary privileges on Tuesdays. Because of the timing of when Appellant arrived, he missed the commissary request which caused him to go without deodorant for approximately one week. Appellant does not allege that he went without any other necessary toiletries. Finally, Appellant complains of lack of medical attention, specifically that he had a sore throat and was given Tylenol.

Approximately a week after Appellant was released from Otero County, his trial defense counsel submitted clemency matters to the convening authority outlining the issues above. Specifically, trial defense counsel enumerated the alleged hardships Appellant faced in confinement while at Otero County and claimed that these conditions violated Air Force regulations and case law. Trial defense counsel, on behalf of Appellant, requested the convening authority grant clemency relief.

The convening authority approved Appellant's sentence as adjudged without granting any relief.

## II. DISCUSSION

### A. Post-Trial Confinement Conditions

The first assignment of error can be broken up into two parts: (1) that the Eighth Amendment and Article 55, UCMJ, were violated based on the allegation that the 37 days he spent in the restricted housing unit amounts to cruel and unusual punishment; and (2) the same 37 days in the restricted housing unit violated his rights under Article 58, UCMJ.

#### 1. Eighth Amendment and Article 55, UCMJ—Cruel and Unusual Punishment

This court reviews de novo whether an appellant has been subjected to illegal post-trial confinement conditions in violation of the Eighth Amendment or Article 55, UCMJ. *United States v. Wise*, 64 M.J. 468, 473 (C.A.A.F. 2007) (citing *United States v. White*, 54 M.J. 469, 471 (C.A.A.F. 2001)).

When a claim is raised pursuant to Article 55, this court applies the Supreme Court's interpretation of the Eighth Amendment except where it is apparent that legislative intent provides greater protections under Article 55. *United States v. Avila*, 53 M.J. 99, 101 (C.A.A.F. 2000). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotations and citations omitted).

The "Eighth Amendment prohibits two types of punishments: (1) those incompatible with the evolving standards of decency that mark the progress of a maturing society or (2) those which involve the unnecessary and wanton infliction of pain." *United States v. Lovett*, 63 M.J. 211, 215 (C.A.A.F. 2006) (internal quotations and citations omitted).

A violation of the Eighth Amendment is shown by demonstrating:

> (1) an objectively, sufficiently serious act or omission resulting in the denial of necessities; (2) a culpable state of mind on the part of prison officials amounting to deliberate indifference to [an appellant]'s health and safety; and (3) that [an appellant] "has exhausted the prisoner-grievance system . . . and that he has petitioned for relief under Article 138, UCMJ, 10 U.S.C. § 938 . . . ."

*Id.* (footnotes omitted) (quoting *United States v. Miller*, 46 M.J. 248, 250 (C.A.A.F. 1997)).

Appellant complains of solitary confinement. However, what Appellant refers to as "solitary confinement" is not a *per se* Eighth Amendment violation. *Avila*, 53 M.J. at 101 (citing *Sostre v. McGinnis*, 442 F.2d 178, 192 (2d Cir.

1971)). Rather, the totality of the circumstances of the confinement conditions are considered in determining whether a sufficiently serious deprivation under the Eighth Amendment has been shown. *Id.* at 102. Noncompliance with service regulations may support a finding of such deprivation, "but is not determinative of the issue of punishment." *Id.* (citation omitted).

We begin our analysis with the issue that is dispositive of this matter. A "prisoner must seek administrative relief prior to invoking judicial intervention" with respect to concerns about post-trial confinement conditions. *Wise*, 64 M.J. at 471 (quoting *White*, 54 M.J. at 472). "This requirement promotes resolution of grievances at the lowest possible level and ensures that an adequate record has been developed to aid appellate review.'" *Id.* (alterations and quotations in original removed) (quoting *Miller*, 46 M.J. at 250). Absent an unusual or egregious circumstance, an appellant must both exhaust the grievance system at the confinement facility as well as petition for relief under Article 138, UCMJ. *Wise*, 64 M.J. at 469.

In this case, Appellant concedes that he did not attempt to seek administrative relief regarding his confinement conditions. Appellant's claim that doing so would have been futile is both conclusory and speculative. Without seeking administrative relief, we have no way to determine what remedial action, if any, might have been taken, and we would have a more developed record that would explain the circumstances. While Appellant argues that he raised these concerns in his clemency request and that this is tantamount to requesting relief, it fails to take into account the timing of his clemency. Appellant did not file a clemency request until *after* he was released from confinement.

Had Appellant properly alerted his chain of command in time as to his specific concerns about being placed in the restricted housing unit, his command may have sought to change the policy of placing military members in that unit. There was, nonetheless, a valid reason which existed at the time for the policy. Military confinees were placed in the restricted housing unit, or administrative segregation unit as it was also known, to ensure that military confinees were not commingled with foreign nationals. This had been an issue because of the significant number of foreign nationals in general population at that confinement facility.

Whether his command would have taken such action or how his command would have justified not taking such action are questions we cannot answer because Appellant did not raise his concerns until after he had been released from Otero County. Far from exhausting the prisoner-grievance system and the Article 138, UCMJ, complaint process, Appellant did not attempt to utilize either. In failing to do so, Appellant deprived both Otero County and his command the opportunity to address his concerns at the time.

Finding that no "unusual or egregious circumstance" exists, excusing Appellant's failure to exhaust his administrative remedies, Appellant is not entitled to relief under either the Eighth Amendment or Article 55.

### 2. Article 58, UCMJ—Execution of Confinement

This court also reviews de novo Article 58, UCMJ, issues. *Wise*, 64 M.J. at 473. Under Article 58(a), UCMJ, sentences to confinement may be served in military or non-military correctional institutions "[u]nder such instructions as the Secretary concerned may prescribe." Article 58, UCMJ, 10 U.S.C. § 858. Military members incarcerated in non-military institutions "are subject to the same discipline and treatment" as non-military inmates. *Id.* Our superior court has held the prohibition against commingling military prisoners with foreign nationals under Article 12, UCMJ, 10 U.S.C. § 812, is not inconsistent with Article 58(a) requirements, and "[m]ilitary confinees can—and must—receive treatment equal to civilians confined in the same institution, while being confined separately from foreign nationals." *United States v. McPherson*, 73 M.J. 393, 396 (C.A.AF. 2014).

As with alleged violations of the Eighth Amendment and Article 55, prisoners must first exhaust administrative remedies before invoking judicial intervention to remedy alleged violations of Article 58(a). *See, e.g.*, *United States v. Damm*, No. ACM 39399, 2019 CCA LEXIS 283, at *10 (A.F. Ct. Crim. App. 21 Jun. 2019) (unpub. op.); *United States v. Lemburg*, No. ACM 39261, 2018 CCA LEXIS 424, at *17–18 (A.F. Ct. Crim. App. 30 Aug. 2018) (unpub. op.); *United States v. Hamric*, No. ACM 39096, 2018 CCA LEXIS 3, at *11–12 (A.F. Ct. Crim. App. 5 Jan. 2018) (unpub. op.), *rev. denied*, 77 M.J. 369 (C.A.A.F. 2018); *United States v. Monahan*, No. ACM 38084, 2013 CCA LEXIS 748, at *23–24 (A.F. Ct. Crim. App. 28 Aug. 2013) (unpub. op.).

Because we have determined that Appellant failed to exhaust his administrative remedies, we will not consider Appellant's claims as they relate to violations of Article 58, UCMJ.

### B. Alternative Argument Pursuant to *United States v. Gay*

In the assignment of error, Appellant asserts, in the alternative, that his post-trial conditions rendered his sentence inappropriately severe pursuant to *United States v. Gay*.

According to *Gay*, Courts of Criminal Appeals have the authority under Article 66, UCMJ, 10 U.S.C. § 866, to grant sentence appropriateness relief for post-trial confinement conditions that do not amount to cruel and unusual punishment, but where there is nonetheless a legal deficiency in the post-trial confinement conditions. 75 M.J. at 268; *See also United States v. Tardif*, 57 M.J. 219, 223 (C.A.A.F. 2002) (affirming a broad authority of Courts of Criminal Appeals to review and modify sentences pursuant to Article 66, UCMJ).

In contrast to the Eighth Amendment and Article 55 claims we analyzed above, when considering Article 66(c) based claims, we have declined to require that appellants demonstrate that they have previously exhausted administrative remedies prior to seeking judicial relief. *See United States v. Henry*, 76 M.J. 595, 610 (A.F. Ct. Crim. App. 2017). We instead consider the entire record and typically give "significant weight" to an appellant's failure to exhaust those remedies before requesting judicial intervention. *Henry,* 76 M.J. at 610.

For 37 days, Appellant was kept in the restricted housing unit segregated from the other inmates. Because he was not permitted to leave his cell on weekends, Appellant averaged less than one hour a day each week outside of his cell for recreation. When he was allowed recreation time, Appellant was required to spend that time alone. Appellant was given his meals through an opening in his cell door, and he consumed his meals alone in his cell. As indicated above, the reason provided by the Government for placing Appellant in the restricted housing unit was to avoid commingling Appellant with foreign nationals incarcerated at Otero County. No evidence has been presented that either Air Force or Otero County officials considered less-restrictive confinement conditions for Appellant.

In making his claim pursuant to *Gay*, Appellant asserts the circumstances of his confinement violated Air Force Instruction (AFI) 31-105. AFI 31-105, *Air Force Corrections Systems,* ¶ A.19 (22 Apr. 2019), defines the term "restrictive housing" as having three basic elements: (1) a confinee being separated from the general population; (2) a confinee being housed in a cell or locked room; and (3) a confinee being unable to leave the cell "*for a vast majority of the day, typically 22-hours or more per day. . . .*" AFI 31-105 ¶ A.19.1.[4] The AFI sets the use of restrictive housing to very limited circumstances, and when it is imposed, confinees are to receive no less than two hours outside of their cells per day. *Id.* at ¶¶ A.19.1–3, A.19.10. These provisions pertain to the Air Force Corrections System. *Id.* at ¶ 2.6.2.20.

The relevant question under Article 66(c), UCMJ, is whether Appellant's confinement conditions rendered his sentence *inappropriately* severe. We have previously held that a policy of segregating military prisoners from the general population at a non-military confinement facility to prevent commingling with foreign nationals does not constitute cruel and unusual punishment under an Eighth Amendment analysis, absent evidence the prison officials acted with deliberate indifference towards a prisoner's health and safety. *See, e.g.*, *United States v. Wilson,* 73 M.J. 529, 535 (A.F. Ct. Crim. App. 2014); *United States v.*

---

[4] Guidance regarding restrictive housing is set out in Attachment 19 to Air Force Instruction (AFI) 31-105, titled, "Limiting the Use of Restrictive Housing." The AFI does not use the term "solitary confinement."

*Luckado*, No. ACM 37962, 2014 CCA LEXIS 397, at *11 (A.F. Ct. Crim. App. 15 Jul. 2014) (unpub. op.).

Appellant argues our decision in *Gay* entitles him to relief because the base legal office knew he was in segregated confinement conditions solely to prevent him from being housed with foreign nationals. Staff Sergeant (SSgt) Gay was confined to a segregated cell for 23 hours a day, similar to Appellant. *See Gay*, 75 M.J. at 266. However, SSgt Gay was segregated at the request of Air Force officials in spite of the fact that the confinement facility would have kept SSgt Gay in the general population without commingling him with foreign nationals but for the Air Force's request. *Id.* at 266. Unlike in *Gay*, Appellant in this case was placed in the restricted housing unit by operation of Otero County's policy of placing all military confinees there. Although Appellant's command acquiesced to Otero County's policy, this acquiescence is demonstrably different from affirmative action by military officials to override a civilian confinement facility's policies with the resulting consequence of making the conditions of confinement more severe. Our superior court has held that this court did not abuse its discretion in granting relief in *Gay*, but pointed to the unique facts and legal errors in that case and explained, "[i]n reaching this conclusion, we do not recognize unlimited authority of the Courts of Criminal Appeals to grant sentence appropriateness relief for any conditions of post-trial confinement of which they disapprove." 75 M.J. at 269.

Appellant's confinement conditions at Otero County are recognizably unpleasant. They did not, however, rise to the level of an Eighth Amendment or Article 55, UCMJ, violation which requires a denial of "the minimal civilized measure of life's necessities" or "'deliberate indifference' to inmate health or safety." *Avila*, 53 M.J. at 101 (quoting *Farmer*, 511 U.S. at 834).

In *Avila*, the CAAF found conditions substantially similar to Appellant's did not amount to a violation under either the Eighth Amendment or Article 55, UCMJ. Corporal Avila was "housed in a windowless cell; could not communicate with other inmates; was only allowed one hour of recreation per day, five days per week; had to wear handcuffs and shackles when escorted outside his cell; and had to remain behind a Plexiglass partition when receiving visitors." *Avila*, 53 M.J. at 100. Corporal Avila also complained he should have been placed in less-restrictive confinement based on a Navy regulation. *Id.* at 102. The CAAF determined "[t]he fact that regulations were not followed does not demonstrate a 'sufficiently serious' deprivation under the Eighth Amendment." *Id.*

As to Appellant's claim that the Air Force violated the provisions of AFI 31-105 by failing to adhere to the limitations on the use of restrictive housing, the AFI governs Air Force confinement facilities. Appellant has failed to establish how the AFI applies to non-military facilities. Additionally, Appellant has not

established any requirement that the Air Force must use only those civilian confinement facilities that meet the Service's restrictive housing standards. We find Appellant has not shown a violation of AFI 31-105 by Air Force officials in his case.

Accordingly, Appellant is not entitled to relief pursuant to *United States v. Gay*.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court