# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

———————————

## No. ACM 40277

———————————

### UNITED STATES
*Appellee*

**v.**

### Nicholas T. PELLETIER
Master Sergeant (E-7), U.S. Air Force *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 12 September 2023

———————————

*Military Judge*: Colin P. Eichenberger.

*Sentence*: Sentence adjudged 7 March 2022 by GCM convened at Tinker Air Force Base, Oklahoma. Sentence entered by military judge on 12 April 2022: Dishonorable discharge, confinement for 5 years, forfeiture of all pay and allowances, and reduction to E-1.

*For Appellant*: Major David L. Bosner, USAF; Major Alexandra K. Fleszar, USAF; Jacob P. Frankson (legal intern).[1]

*For Appellee*: Lieutenant Colonel Thomas J. Alford, USAF; Captain Olivia B. Hoff, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, CADOTTE, and BREEN, *Appellate Military Judges*.

Judge BREEN delivered the opinion of the court, in which Chief Judge JOHNSON and Senior Judge CADOTTE joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

---

[1] Jacob P. Frankson is a legal intern who was at all times supervised by an attorney admitted to practice before this court.

BREEN, Judge:

A military judge sitting as a general court-martial found Appellant guilty, in accordance with his pleas and pursuant to a plea agreement, of one specification of wrongful distribution of child pornography and one specification of wrongful possession of child pornography in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934.[2] The military judge sentenced Appellant to a dishonorable discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to the grade of E-1.[3] The convening authority suspended the adjudged forfeitures then waived automatic forfeitures for the benefit of Appellant's dependents.

Appellant raises one issue on appeal: whether the conditions of Appellant's confinement subjected him to cruel and unusual punishment in violation of the Eighth Amendment[4] and Article 55, UCMJ, 10 U.S.C. § 855.[5] We find no error that materially prejudiced Appellant's substantial rights, and we affirm the findings and sentence.

## I. BACKGROUND

On 12 June 2020, a Special Agent with the Federal Bureau of Investigation's (FBI) Child Exploitation Human Trafficking Task Force in Salt Lake City, Utah, discovered an account posting a video on a streaming service of what appeared to be child pornography. The FBI subpoenaed the subscriber data for the account and traced that data to an Internet protocol address associated with Appellant. Based on this information, the FBI obtained a search warrant for Appellant's home. On 20 August 2020, the FBI executed the search warrant and conducted an interview with Appellant after securing his residence.

Appellant waived his rights against self-incrimination and admitted that he was the person who utilized the account in issue. He also admitted using another social media platform for similar purposes. Appellant joined groups on these platforms related to a shared interest in child pornography. After logging into the group, he would use a link to download or upload child pornography

---

[2] All references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[3] Specifically, the military judge sentenced Appellant to five years for each of the two specifications of which Appellant was convicted and, in accordance with the plea agreement, the military judge directed all terms of confinement to run concurrently.

[4] U.S. CONST. amend. VIII.

[5] Appellant personally raises this issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

from a password-protected electronic storage drive that he kept in a desk drawer in his house. Appellant knew the files were child pornography because they depicted young, "underdeveloped" girls who appeared to be between the ages of approximately 9 and 13 years, engaging in sexually explicit conduct. In all, Appellant distributed at least 5 and possessed approximately 70 images or videos of child pornography.

Prior to sentencing, the military judge verified Appellant's military defense counsel (ADC) had previously advised Appellant orally and in writing of his post-trial and appellate rights. Appellant acknowledged his signature on the written advisement document and confirmed to the military judge that he did not have any questions regarding his rights. This document, which is included in the record as an appellate exhibit, included the following information:

> In order to get relief for the poor conditions of your confinement, you ordinarily **must** first exhaust every administrative avenue available to try to correct the issue. . . . To exhaust administrative avenues for relief, you should do each of the following: (1) submit a complaint to the confinement facility, preferably in writing; (2) request relief through clemency, if known at that time; and (3) file a complaint with the commander who ordered your confinement under Article 138, UCMJ, [10 U.S.C. § 938,] which needs to be done within 90 days of your discovery of the improper confinement conditions.

Appellant received his sentence on 7 March 2022 and he entered confinement at the Weber County Correctional Facility (WCCF), an institution operated by the State of Utah. During his time at WCCF, Appellant was held in solitary confinement for 23 hours a day, with only 1 hour of dayroom time per day. Appellant remained at WCCF for approximately five months until he was transferred to the Naval Consolidated Brig in Miramar, California, on 3 August 2022.

On 17 March 2022, Appellant's ADC submitted Appellant's clemency request to the convening authority, which consisted of a memorandum from the ADC and copies of Appellant's sentencing exhibits. None of these documents discussed Appellant's confinement conditions.

On appeal, Appellant moved to attach to the record a declaration by him dated 9 March 2023, along with documentation related to his medical conditions and additional declarations related to his confinement conditions at WCCF. Appellant complained that he was held "under excessive conditions" and lacked access to appropriate medical treatment and equipment for his "diagnosed" sleep apnea. He claimed he was housed in a section of WCCF intended for inmates suffering from mental health issues and he was subjected

to "loud screaming" and an unsanitary shower that he felt obliged to clean himself every day. Appellant argued these conditions resulted in a deterioration of his physical and mental health. Appellant claimed he did not file any grievances with WCCF because he was not informed on how to file grievances or where he could find a copy of the WCCF rules. Eventually, he learned he could file complaints via a computer tablet, but he did not "immediately" receive a tablet upon request. However, his wife did complain to military personnel about Appellant's confinement conditions.

In response, the Government moved to attach a declaration from the WCCF Inmate Grievance Officer (IGO), dated 17 May 2023. According to that declaration, Appellant was housed alone in a section comprised of 15 other two-man cells and, pursuant to a Memorandum of Agreement between the WCCF and Hill Air Force Base, he was permitted one hour per day alone outside his cell. The grievance process was outlined in the inmate handbook on the inmate tablets and on "visiting monitors" in the housing area. Inmates receive a paper form on which to file a grievance which, upon completion, can be placed in a mailbox in the housing area. Medical equipment is permitted on a case-by-case basis, but an inmate must make the medical staff aware of the need for equipment. A review of Appellant's inmate account revealed that he ordered commissary food, hygiene items, and other products on 20 occasions; the orders did not include sleep apnea equipment. Additionally, on 23 March 2022, Appellant purchased a "tablet subscription," which essentially reserved the same inmate tablet for his use during his time at WCCF. The WCCF IGO confirmed Appellant did not file any grievances during his time in their facility.

## II. DISCUSSION

### A. Law

We review de novo whether an appellant has been subjected to impermissible conditions of confinement in violation of the Eighth Amendment or Article 55, UCMJ. *United States v. Wise*, 64 M.J. 468, 473 (C.A.A.F. 2007) (citing *United States v. White*, 54 M.J. 469, 471 (C.A.A.F. 2001)).

"[T]he Eighth Amendment prohibits two types of punishments: (1) those 'incompatible with the evolving standards of decency that mark the progress of a maturing society' or (2) those 'which involve the unnecessary and wanton infliction of pain.'" *United States v. Lovett*, 63 M.J. 211, 215 (C.A.A.F. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 102–03 (1976)). To demonstrate a violation of the Eighth Amendment, an appellant must show:

> (1) an objectively, sufficiently serious act or omission resulting in the denial of necessities; (2) a culpable state of mind on the part of prison officials amounting to deliberate indifference to

[his] health and safety; and (3) that he "has exhausted the pris-
oner-grievance system . . . and that he has petitioned for relief
under Article 138, UCMJ, 10 USC § 938 [(2000)]."

*Id.* (second alteration and omission in original) (footnotes omitted) (quoting
*United States v. Miller*, 46 M.J. 248, 250 (C.A.A.F. 1997)).

Solitary confinement is not a *per se* Eighth Amendment violation. *United
States v. Avila*, 53 M.J. 99, 101 (C.A.A.F. 2000) (footnote omitted) (citing *Sostre
v. McGinnis*, 442 F.2d 178, 192 (2d Cir. 1971) (en banc)). Rather the totality of
the circumstances of the confinement conditions are considered in determining
whether a sufficiently serious deprivation under the Eighth Amendment has
been shown. *Id.* at 102. The length of a period of segregation "does not, by itself,
constitute cruel and unusual punishment, but is simply a factor to be consid-
ered along with the other aspects of confinement." *Id.* (citation omitted) (ob-
serving "courts have also rejected the contention that deprivation of human
contact, including the harmful effect it may potentially have on a prisoner's
mental health, violates the Eighth Amendment" (citations omitted)).

**B. Analysis**

As an initial matter, Appellant did not raise concerns regarding the condi-
tions of his post-trial confinement in any post-trial submissions to the conven-
ing authority. Although his declarations and the WCCF IGO's declaration are
not matters "raised by materials in the record," we may consider this evidence
to evaluate Appellant's claims of cruel and unusual punishment in violation of
the Eighth Amendment and Article 55, UCMJ. *United States v. Pullings*, 83
M.J. 205, 210 (C.A.A.F. 2023) (citing *United States v. Jessie*, 79 M.J. 437, 444
(C.A.A.F. 2020)). We have considered whether a post-trial evidentiary hearing
is required to resolve contradictions between Appellant's declarations and
those of the WCCF IGO. *See United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F.
1997); *United States v. DuBay*, 37 C.M.R. 411 (C.M.A. 1967) (per curiam). We
find such a hearing is not necessary. To the extent these documents may be
inconsistent, resolving any factual disputes in Appellant's favor would not re-
sult in relief.

For the purpose of obtaining relief under the Eighth Amendment or Article
55, UCMJ, Appellant bears the burden to demonstrate all three prongs of the
*Lovett* test have been satisfied. *Pullings*, 83 M.J. at 209 (citing *Lovett*, 63 M.J.
at 215). Appellant failed to meet his burden. Appellant must show that "absent
some unusual or egregious circumstance," he exhausted the prisoner-grievance
system. *Wise*, 64 M.J. at 471 (quoting *White*, 54 M.J. at 472) (additional citation
omitted). Appellant conceded that he did not file any grievances during his
time at WCCF. Although he attempted to blame this deficiency on a lack of
initial instruction by the WCCF staff, Appellant admitted he was "made

aware" of the grievance process by other prisoners. Therefore, his failure to file a grievance after he learned about the process constituted a conscious failure to avail himself of the prisoner-grievance system and not an unusual circumstance that inhibited his ability to complain.

Additionally, Appellant never filed an Article 138, UCMJ, complaint seeking commander intervention regarding his confinement conditions. Again, despite his argument that he did not have a meaningful ability to contact Air Force officials, his declaration admitted that he did have the ability to "communicate" to government personnel at his own expense. Appellant acknowledged his understanding of his post-trial rights, which included exhaustion of administrative remedies, during his court-martial, but failed to take any action regarding his confinement conditions until his appeal. Therefore, Appellant cannot prevail, and his claims do not warrant relief.

## III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court