# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39253**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Christian R. FLORES**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 13 September 2018

————————————

*Military Judge:* Brian D. Teter.

*Approved sentence:* Dishonorable discharge, confinement for 7 years, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 20 March 2017 by GCM convened at the United States Air Force Academy, Colorado.

*For Appellant:* Major Patrick A. Clary, USAF; Major Jarett F. Merk, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel G. Matt Osborn, USAF; Mary Ellen Payne, Esquire.

Before HARDING, HUYGEN, and POSCH, *Appellate Military Judges.*

Senior Judge HARDING delivered the opinion of the court, in which Judges HUYGEN and POSCH joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

HARDING, Senior Judge:

A military judge sitting as a general court-martial convicted Appellant, consistent with his pleas made pursuant to a pretrial agreement (PTA), of two

specifications of conspiracy, five specifications involving controlled substances, two specifications of assault consummated by a battery, and one specification of housebreaking in violation of Articles 81, 112a, 128, and 130, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 912a, 928, 930. The military judge sentenced Appellant to a dishonorable discharge, confinement for eight years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority, consistent with the limitation of the PTA, approved only seven years of confinement, but otherwise approved the sentence as adjudged.

Appellant raises a single issue[1] on appeal: whether Appellant is entitled to sentence relief because confinement officials at the Navy Consolidated Brig at Charleston, South Carolina, have ignored his allergy to wool and refused to issue him a blanket made of a material other than wool. We find no prejudicial error and affirm.

## I. BACKGROUND

A random urinalysis sample provided by Appellant on 15 September 2015 tested positive for cocaine and resulted in an investigation that established Appellant used and distributed both cocaine and psilocybin mushrooms, conspired with civilians to distribute cocaine, and possessed oxycodone pills with the intent to distribute them. On 2 November 2015, investigators were notified of domestic violence offenses committed by Appellant. Specifically, Appellant assaulted his wife on divers occasions by pushing her to the ground and striking her on the face. On 13 December 2015, investigators learned that Appellant had been admitted to a local hospital for a gunshot wound. Appellant had conspired with others to steal drugs and cash from a local cocaine distributor, MB, in his home. After his co-conspirator kicked open the door of MB's home, Appellant entered armed with a shotgun. MB, armed with a rifle, shot Appellant in the hip and Appellant's co-conspirator in the torso.

Appellant was ordered into pretrial confinement on 9 August 2016 and remained in that status until the day his sentence was adjudged on 20 March 2017. While in pretrial confinement status, Appellant was confined at a civilian facility in Teller County, Colorado; a military confinement facility at Francis E. Warren Air Force Base, Wyoming; and the Naval Consolidated Brig at Miramar, California.[2] Although Appellant waived his right to request relief for

---

[1] Pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982).

[2] After his trial, Appellant was transferred to the Navy Consolidated Brig at Charleston, South Carolina.

alleged violations of Article 13, UCMJ, 10 U.S.C. § 813, related to the conditions of his pretrial confinement, Appellant raised his treatment while in pretrial confinement as a matter in mitigation at sentencing. Appellant did not, however, make any reference during his sentencing case to an issue with wool blankets. In his clemency submission, Appellant focused on the effects confinement had on him with an emphasis on his suicidal ideations and gestures. As in his sentencing case, he did not raise an issue with wool blankets.

Now on appeal, Appellant makes the assertion that "[d]uring [his] time in confinement [he has] not had any blankets due to a wool allergy." As to the matter before us—whether actions or inactions of officials at the Navy Consolidated Brig at Charleston, South Carolina, regarding the conditions of post-trial confinement provide a basis for relief—Appellant asserts the same issue he experienced in pretrial confinement concerning his allergy to issued wool blankets has continued into post-trial confinement.

> After my court martial [sic] in March in 2017 I was sent to NavConBrig Charleston [sic] I informed the intake personnel about my allergy and was told to talk to medical. After medical did nothing for my issue and denied me the ability to have blankets bought out of my personal funds [sic] I spoke to the CO at the time and was told that he personally would take care of the issue. Again nothing came of this and after speaking to my lawyer I sent a DD-510 to the Air Force Liaison requesting to file an official complaint [sic] still to this day one month later I have no response.

Appellant attached the referenced Department of Defense Form 510, *Prisoner Request* (Mar. 2013), to his declaration to this court. However, the form does not specify an issue with denial of blankets and is not marked as a grievance. All Appellant wrote on the form is "Respectfully request a meeting to file a [sic] official complaint [sic] thank you."

## II. DISCUSSION

Appellant argues that "[a] blanket is a basic necessity and denial of such a necessity is both inhumane and cruel" and that by "[i]gnoring Appellant's allergic reactions and forcing him to choose between continually suffering those allergic reactions or risk dangerously dropping his core temperature," the confinement officials inflicted unnecessary and wanton pain prohibited by both

the Eighth Amendment to the United States Constitution[3] and Article 55, UCMJ, 10 U.S.C. § 855. We conclude that, even if the facts as asserted by Appellant are true, he failed to meet his burden of establishing grounds for relief.[4]

We review de novo whether the facts alleged establish cruel and unusual punishment. *United States v. Lovett*, 63 M.J. 211, 215 (C.A.A.F. 2006) (citation omitted). Both the Eighth Amendment and Article 55, UCMJ, prohibit cruel and unusual punishment. In general, we apply "the Supreme Court's interpretation of the Eighth Amendment to claims raised under Article 55, [UCMJ,] except in circumstances where . . . legislative intent to provide greater protections under [Article 55, UCMJ,]" is apparent. *United States v. Avila*, 53 M.J. 99, 101 (C.A.A.F. 2000). "[T]he Eighth Amendment prohibits two types of punishments: (1) those 'incompatible with the evolving standards of decency that mark the progress of a maturing society' or (2) those 'which involve the unnecessary and wanton infliction of pain.'" *Lovett*, 63 M.J. at 215 (quoting *Estelle v. Gamble*, 429 U.S. 97, 102–03 (1976)). A violation of the Eighth Amendment is shown by demonstrating:

> (1) an objectively, sufficiently serious act or omission resulting in the denial of necessities; (2) a culpable state of mind on the part of prison officials amounting to deliberate indifference to [Appellant's] health and safety; and (3) that [Appellant] "has exhausted the prisoner-grievance system . . . and that he has petitioned for relief under Article 138, UCMJ, 10 U.S.C. § 938 [2000]."

*Lovett*, 63 M.J. at 215 (third alteration in original) (internal footnotes omitted) (citation omitted).

The Court of Appeals for the Armed Forces emphasized, "[a] prisoner must seek administrative relief prior to invoking judicial intervention to redress concerns regarding post-trial confinement conditions." *United States v. Wise*, 64 M.J. 468, 469 (C.A.A.F. 2007) (citing *United States v. White*, 54 M.J. 469, 472 (C.A.A.F. 2001)). "This requirement 'promot[es] resolution of grievances at the lowest possible level [and ensures] that an adequate record has been developed [to aid appellate review].'" *Id.* at 471 (alterations in original) (quoting *United States v. Miller*, 46 M.J. 248, 250 (C.A.A.F. 1997)). Except under some unusual

---

[3] U.S. CONST. amend. VIII.

[4] Having applied the decisional framework announced in *United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997), and considered the entire record, we find we can resolve the issues raised by Appellant without additional factfinding. *See United States v. Fagan*, 59 M.J. 238, 241 (C.A.A.F. 2004).

or egregious circumstance, an appellant must demonstrate he or she has exhausted the prisoner grievance process provided by the confinement facility and has petitioned for relief under Article 138, UCMJ. *White,* 54 M.J. at 472 (citation omitted).

Appellant has neither exhausted the prisoner-grievance system nor petitioned for relief under Article 138, UCMJ. All Appellant has demonstrated is that he requested a meeting to file a complaint. Accordingly, we conclude that Appellant does not warrant relief under the Eighth Amendment or Article 55, UCMJ.

We also consider whether we should exercise our authority under Article 66(c), UCMJ, 10 U.S.C. § 866(c), to provide sentence relief for the conditions complained of by Appellant. Under Article 66(c), UCMJ, we have broad authority and the mandate to approve only so much of the sentence as we find appropriate in law and fact and may therefore grant sentence relief even without finding an Eighth Amendment or Article 55, UCMJ, violation. *United States v. Gay,* 74 M.J. 736, 742 (A.F. Ct. Crim. App. 2015)*, aff'd, United States v. Gay,* 75 M.J. 264 (C.A.A.F. 2016); *see United States v. Tardif*, 57 M.J. 219, 223 (C.A.A.F. 2002). When this court considers judicial relief under Article 66(c), UCMJ, for conditions of post-trial confinement, we have not strictly required an appellant to demonstrate that he has, absent unusual or egregious circumstances, previously exhausted administrative remedies. *See United States v. Kyc*, No. ACM S32391, 2017 CCA LEXIS 376, at *13–14 (A.F. Ct. Crim. App. 30 May 2017) (unpub. op.). We instead consider the entire record and typically give "significant weight" to an appellant's failure to seek administrative relief prior to invoking judicial intervention, while recognizing the limits of our authority. *United States v. Bailey*, No. ACM S32389, 2017 CCA LEXIS 604, at *11 (A.F. Ct. Crim. App. 11 Sep. 2017) (unpub. op.).

After considering the facts and circumstances in the present case, we decline to provide sentence relief under Article 66(c), UCMJ. As this court observed in *United States v. Ferrando*,

> While we have granted sentence relief based upon conditions of post-trial confinement where a legal deficiency existed, we are not a clearing house for post-trial confinement complaints or grievances. Only in very rare circumstances do we anticipate granting sentence relief when there is no violation of the Eighth Amendment or Article 55, UCMJ.

77 M.J. 506, 517 (A.F. Ct. Crim. App. 2017) (citations omitted). This case does not present those very rare circumstances.

### III. CONCLUSION

The approved findings are correct in law and fact, the sentence is not inappropriate, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court