# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

———————————

**No. ACM S32565**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Wynton N. WARREN**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 28 February 2020

———————————

*Military Judge:* Charles G. Warren.

*Approved sentence:* Bad-conduct discharge, confinement for 90 days, reduction to E-1, forfeiture of $1,092 pay per month for 4 months, and a reprimand. Sentence adjudged 11 December 2018 by SpCM convened at Beale Air Force Base, California.

*For Appellant:* Major Kevin R. Cayton, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Major Thomas Franzinger, USAF; Mary Ellen Payne, Esquire.

Before J. JOHNSON, KEY, and RAMÍREZ, *Appellate Military Judges*.

Judge RAMÍREZ delivered the opinion of the court, in which Chief Judge J. JOHNSON and Judge KEY joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

RAMÍREZ, Judge:

A special court-martial composed of a military judge found Appellant guilty, in accordance with his pleas and pursuant to a pretrial agreement

(PTA),[1] of one specification of attempted wrongful use of lysergic acid diethylamide, one specification of wrongful use of marijuana, and one specification of wrongful use of cocaine, in violation of Articles 80 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 912a.[2] He was also found guilty, in accordance with his pleas and the PTA, of one specification of failing to obey a lawful general regulation by wrongfully possessing an intoxicating substance with the intent to use in a manner that would alter mood or function, and one specification of failing to obey a lawful general regulation by wrongfully using an intoxicating substance in a manner that would alter mood or function, both in violation of Article 92, UCMJ, 10 U.S.C. § 892. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 100 days, reduction to the grade of E-1, forfeiture of $1,092.00 pay per month for four months, and a reprimand. The convening authority approved only 90 days of confinement in accordance with the PTA and approved the remainder of the adjudged sentence.

Appellant raises one issue on appeal: whether Appellant's conditions in civilian and military confinement along with his continued coding as a prisoner after he was released from confinement constituted cruel and unusual punishment. Finding no error, we affirm.

## I. BACKGROUND

After Appellant was sentenced to confinement at his court-martial on 11 December 2018, he was transferred to a civilian confinement facility. On the eighth day, 18 December 2018, he was transferred to a military confinement facility at Vandenberg Air Force Base (AFB), California, where he remained in military confinement until he was released on 18 February 2019 and returned to his last base of active duty assignment awaiting discharge. Appellant's

---

[1] During the *Care* inquiry, and based on Appellant's sworn testimony, the military judge did not accept Appellant's plea of guilty to wrongfully using lysergic acid diethylamide, which had originally been part of the agreement between Appellant and the convening authority. The military judge did, however, find Appellant guilty of the lesser included offense of attempted use. After a recess for trial counsel to consult with the staff judge advocate and the convening authority, trial counsel affirmed, on the record, that the convening authority would continue to be bound by the terms of the agreement despite the military judge's finding. *United States v. Care*, 18 C.M.A. 535 (1969).

[2] References in this opinion to the Uniform Code of Military Justice and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2016 ed.).

claims will be addressed by each confinement facility as well as his post-confinement conditions at Beale AFB.

## A. Civilian Confinement

With regard to his eight days at the civilian confinement facility, Appellant's allegations are twofold—that he was held in solitary confinement for no reason and that he was not provided medical attention. He claims that both of these conditions amount to cruel and unusual punishment in violation of the Eighth Amendment.[3] Appellant alleges that while in the civilian confinement facility, "he was placed in the solitary confinement unit and only allowed 10 minutes out of his cell a day." Appellant believes that while the "possible reason is so that the command would be complying with Article 12, UCMJ," 10 U.S.C. § 812,[4] he argues that there are other ways of complying with Article 12, such as transporting Appellant to a military facility sooner.

What Appellant refers to as a lack of medical attention is a claim that he was not provided contact lens solution in order for him to wear his contact lenses while in confinement. Specifically, Appellant claims that he requested contact lens solution so that he could clean his contact lenses, but this request was denied repeatedly. While Appellant owned a pair of eyeglasses, he further claims, "[T]he confinement facility had possession of my glasses but refused to give them to me the entire time I was" there. He does admit, however, that he was given distilled water to clean his contact lenses but alleges that "[b]y the end of his stay in civilian confinement, [his] soft contact lenses had become hardened, causing him immense pain."

## B. Military Confinement

Appellant alleges that when he was transferred to the military confinement facility at Vandenberg AFB, he was again not provided medical attention during his 62 days of confinement. This time he claims that prior to confinement at the civilian facility, he was prescribed Ambien and a Continuous Positive

---

[3] U.S. CONST. amend. VIII.

[4] At the time of Appellant's civilian confinement, Article 12, UCMJ, provided that "[n]o member of the armed forces may be placed in confinement in immediate association with enemy prisoners or other foreign nationals not members of the armed forces." 10 U.S.C. § 812. The United States Court of Appeals for the Armed Forces (CAAF) has held that it applies to military members confined in a state or federal facility within the continental limits of the United States. *United States v. McPherson*, 73 M.J. 393, 394 (C.A.A.F. 2014). Article 12 is not violated when civilian jail officials do not have a method of identifying foreign nationals and implement the segregation of military members. *United States v. Wilson*, 73 M.J. 529, 535 (A.F. Ct. Crim. App. 2014). Effective 1 January 2019, Congress changed Article 12 but these changes do not impact Appellant as he was transferred from civilian confinement before their effective date.

Airway Pressure (CPAP) machine, but when he was transferred to Vandenberg AFB, he was not given access to either.

The day after arriving at the Vandenberg AFB confinement facility, Appellant received his initial physical examination and a discussion occurred between confinement staff and medical personnel as to whether his Ambien prescription and CPAP machine were medically needed. Ultimately, the 30th Medical Group (30 MDG) at Vandenberg AFB decided that neither were medically required. According to Appellant, he "was told only a nurse could provide [him] the medication and the machine and no nurses were available."

Appellant further claims that he requested to speak to the confinement officer in charge (OIC), but that the OIC never agreed to speak to him. He also claims, however, that he was told that speaking to the OIC would not resolve the issue. According to Appellant, he would have slept "properly" had he just had access to either Ambien or the CPAP machine because he claims that he was only sleeping three hours at a time.

On 27 December 2018, Appellant submitted a DD Form 510, *Prisoner Request,* to the confinement staff requesting "to have [his] sleep concerns addressed." The DD Form 510 is a prisoner request form used to initiate an interview or communicate with correctional system staff. Once processed, staff members approve or disapprove the request, adding pertinent remarks relevant to the interview. On 28 December 2018, staff members took action on the DD Form 510, in which Appellant's request to address his sleep concerns was approved, and he was reminded of weekly feedback and interview sessions with the noncommissioned officer in charge (NCOIC) of confinement. However, it appears that the decision to allow Appellant his Ambien and CPAP was reaffirmed as not medically required.

On 12 January 2019, Appellant's trial defense counsel raised Appellant's complaints in his clemency submission, which were mentioned in the Addendum to the Staff Judge Advocate Recommendation, where the recommendation was to deny further relief. On 18 February 2019, Appellant was released from military confinement and transferred back Beale AFB, California.

**C. Post-Confinement**

Appellant further claims that after he was released from confinement and returned to Beale AFB, there was an administrative coding error in his personnel record in which he was still listed as a prisoner and as such, could not utilize the services at the Beale AFB medical clinic. Here Appellant claims that

"[t]his treatment is completely contrary to the sentence imposed on [him] during the court-martial and violates [his] Fifth Amendment[5] rights not to be deprived of life, liberty or property without due process of law." (Footnote added). Appellant was released from confinement on 18 February 2019, and was not placed on appellate leave until 2 May 2019.

For purposes of analysis of Appellant's claims, this court granted Appellant's motion to attach his declaration which buttresses his claims. The declaration addresses Appellant's time in civilian confinement, his time in military confinement, and his post-confinement claims. Additionally, Government appellate counsel moved to have two declarations, the DD Form 510, and a memorandum for the record attached to the record of trial for this court's consideration addressing Appellant's claims, and the court granted the motion. The declaration of Lieutenant (Lt) NB, the Jail Lieutenant and second in command of the Corrections Section at the civilian confinement facility, addresses Appellant's claims of solitary confinement and the contact lens issue. The declaration of Technical Sergeant (TSgt) DS, the NCOIC of Confinement at Vandenberg AFB, and the memorandum for the record by SSgt RL, Assistant NCOIC, address Appellant's medication claim and the CPAP machine.

Lieutenant NB rebuts Appellant's solitary confinement claim. Lt NB explains that Appellant was not in solitary confinement or administrative segregation ("admin seg") during his confinement. He "was not even in [their] Single Cells housing unit." Instead, Lt NB points out that simply because Appellant did not have a cell mate does not mean he was in "admin seg." Where Appellant was housed, he was allowed "out from his cell into the open dayroom where there was a shower, table/chairs and a television." While Appellant was allowed to go to the recreation yard, "the Recreation Yard was wet and in an unsafe condition for inmates" for several of the days Appellant was confined there. Lt NB also explains that while they cannot confirm whether Appellant had contact lenses or eyeglasses when he arrived to the confinement facility because "[t]hey were not listed on the confinement log," they do not have any records of Appellant asking for his eyeglasses. More importantly, however, is that according to Lt NB, if Appellant had asked for his eyeglasses, they would have given them to him.

According to TSgt DS, the protocol for inmates when requesting medical refills or medical appointments is to fill out a DD Form 510. He indicates that the Appellant made a request for information about his sleep medication and CPAP machine, but during the confinement facility's weekly meetings, the decision was made that "[Appellant] would not be receiving Ambien medication or his machine because 30 MDG decided neither were needed." SSgt RL was

---

[5] U.S. CONST. amend. V.

also advised that Appellant did not need the Ambien or CPAP machine. However, according to TSgt DS, "[Appellant] was also informed, if he needed help with his sleep issues, he would need to submit a DD Form 510 to make a medical appointment and talk to the provider." Appellant never submitted such a request.

Appellant alleges violations of the Fifth and Eighth Amendments, as well as Article 55, UCMJ, 10 U.S.C. § 855. In the alternative, however, he relies on this court's authority under Article 66, UCMJ, 10 U.S.C. § 866 to grant him the relief he requests, which is to set aside the bad-conduct discharge.

## II. DISCUSSION

### A. Law

Claims of Article 55, UCMJ, or Eighth Amendment violations are reviewed de novo. *United States v. Wise*, 64 M.J. 468, 473 (C.A.A.F. 2007) (citing *United States v. White*, 54 M.J. 469, 471 (C.A.A.F. 2001)). Both the Eighth Amendment and Article 55, UCMJ, prohibit cruel and unusual punishment. In general, when a claim is raised pursuant to Article 55, UCMJ, we apply the Supreme Court's interpretation of the Eighth Amendment except where it is apparent that legislative intent provides greater protections under Article 55. *See United States v. Avila*, 53 M.J. 99, 101 (C.A.A.F. 2000).

"[T]he Eighth Amendment prohibits two types of punishments: (1) those incompatible with the evolving standards of decency that mark the progress of a maturing society or (2) those which involve the unnecessary and wanton infliction of pain." *United States v. Lovett*, 63 M.J. 211, 215 (C.A.A.F. 2006) (internal quotation marks and citations omitted). "The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

A violation of the Eighth Amendment is shown by demonstrating:

> (1) an objectively, sufficiently serious act or omission resulting in the denial of necessities; (2) a culpable state of mind on the part of prison officials amounting to deliberate indifference to [an appellant]'s health and safety; and (3) that [an appellant] "has exhausted the prisoner-grievance system . . . and that he has petitioned for relief under Article 138, UCMJ, 10 U.S.C. § 938 . . . ."

*Lovett*, 63 M.J. at 215 (alteration in original) (footnotes omitted) (quoting *United States v. Miller*, 46 M.J. 248, 250 (C.A.A.F. 1997)). However, what Appellant refers to as "solitary confinement" is not a *per se* Eighth Amendment violation. *United States v. Avila*, 53 M.J. 99, 101 (C.A.A.F. 2000) (citing *Sostre*

*v. McGinnis*, 442 F.2d 178, 192 (2d Cir. 1971)). Rather, the totality of the circumstances of the confinement conditions are considered in determining whether a sufficiently serious deprivation under the Eighth Amendment has been shown. *Id.* at 102.

The "Fifth Amendment provides that no person shall be deprived of life, liberty, or property, without due process of law." *United States v. McMurrin*, 70 M.J. 15, 18 (C.A.A.F. 2011). This court must first determine whether it has jurisdiction over Appellant's claims. *United States v. Towns*, 52 M.J. 830, 833 (A.F. Ct. Crim. App. 2000), *aff'd*, 55 M.J. 361 (C.A.A.F. 2001). Jurisdiction is a question of law we review de novo. *United States v. Buford,* 77 M.J. 562, 564 (A.F. Ct. Crim. App. 2017) (citation omitted). In *Buford*, this court explained that Article 66(c), UCMJ, does not grant us unlimited power to "grant relief for an administrative matter unrelated to any legal deficiency and unconnected to the legality or appropriateness of a court-martial sentence." 77 M.J. at 565. Instead, the authority to grant relief must be rooted and limited to a legal deficiency that directly impacted a component of the sentence. *Id.*

### B. Analysis

### 1. Civilian and Military Confinement

As an initial matter, we have considered whether a post-trial evidentiary hearing is required to resolve any factual disputes between the declaration of Appellant and the declarations of Lieutenant NB, the Jail Lieutenant at the civilian confinement facility, and TSgt DS, the NCOIC of Confinement at Vandenberg AFB. *See United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997); *United States v. DuBay*, 37 C.M.R. 411, 413 (C.M.A. 1967). In this case we find a hearing unnecessary. To the extent the documents are inconsistent, resolving any factual disputes in Appellant's favor would not result in relief. *See Ginn*, 47 M.J. at 248.

Our analysis of these issues falls on the conjunctive nature of the burden on Appellant to show his post-trial confinement conditions warrant intervention by this court. *Lovett*, 63 M.J. at 215. In order to secure relief for cruel or unusual confinement conditions, Appellant bears the burden to demonstrate all three prongs of the test articulated in *Lovett* are met. 63 M.J. at 215. Appellant has failed to do so here. The third prong of this burden is the exhaustion of administrative remedies—that is, a "prisoner must seek administrative relief prior to invoking judicial intervention" with respect to concerns about post-trial confinement conditions. *Wise*, 64 M.J. at 471 (quoting *White*, 54 M.J. at 472). "This requirement promotes resolution of grievances at the lowest possible level and ensures that an adequate record has been developed to aid appellate review." *Id.* (alterations in original and internal quotation marks omitted) (quoting *Miller*, 46 M.J. at 250).

Even if we take Appellant's assertions in the most favorable light and assume that confinement authorities refused to provide him medical care or that he was kept in his cell an excessive amount of time to the point of solitary confinement, Appellant has failed to demonstrate that he used, much less exhausted, the available prisoner grievance system, or that he petitioned for relief under Article 138, UCMJ. A similar result was recently found by this court in *United States v. Woods*, No. ACM 39403, CCA LEXIS 309, at *7–8 (A.F. Ct. Crim. App. 26 Jul. 2019) (unpub. op.) (finding appellant failed to exhaust the prisoner grievance system and failed to petition for relief under Article 138 when claiming that confinement officials unjustly refused to provide him reasonable medical care by withholding his CPAP machine and ulcer medication).

In this case, Appellant concedes that he did not attempt to seek administrative relief pursuant to Article 138 regarding his confinement conditions. Appellant's claim that he still put his command on notice in other ways and that that should be enough is not supported by case law with his facts.

We recognize that in rare circumstances, appellate courts have excused an appellant's failure to satisfy this third prong of the *Lovett* test. These have been situations where there are truly unusual or egregious circumstances that prevented the appellant from filing an Article 138 claim. However, we do not find Appellant's case presents such circumstances. Appellant has failed to demonstrate any unusual circumstance that prevented him from seeking relief under Article 138.

Furthermore, Appellant has failed to demonstrate he would be entitled to relief even if he had exhausted his administrative remedies. This court finds Appellant's affidavit is factually adequate on its face. However, the "appellate filings and the record as a whole 'compellingly demonstrate' the improbability" of Appellant's allegations. *United States v. Sales*, 56 M.J. 255, 258 (C.A.A.F. 2002) (citing *United States v. Ginn*, 47 M.J. 236, 348 (C.A.A.F. 1997)). Specifically, it is apparent from Lt NB's declaration and supporting documentation that Appellant was not held in the solitary confinement or segregation unit at all. Instead, he was held in ordinary cells with access to a day room; he simply did not have a cell mate. Additionally, the lack of any records of Appellant asking for his eyeglasses coupled with the assertion that had Appellant asked for his eyeglasses, confinement officials would have provided them to him, leads this court to discount Appellant's assertions and find no "serious act or omission resulting in the denial of necessities." *See Lovett*, 63 M.J. at 215 (citation omitted).

## 2. Article 66(c), UCMJ, Relief

Appellant asserts, in the alternative, that his confinement conditions and post-confinement treatment warrant relief pursuant to Article 66(c), UCMJ,

and *United States v. Gay*, 74 M.J. 736 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016).

According to *Gay*, Courts of Criminal Appeals have the authority under Article 66, UCMJ, to grant sentence appropriateness relief for post-trial confinement conditions that do not amount to cruel and unusual punishment, but where there is nonetheless a legal deficiency in the post-trial confinement conditions. *See also United States v. Tardif*, 57 M.J. 219, 223 (C.A.A.F. 2002) (affirming a broad authority of Courts of Criminal Appeals to review and modify sentences pursuant to Article 66, UCMJ).

In contrast to the Eighth Amendment and Article 55 claims we analyzed above, when considering Article 66(c) based claims, we have declined to require that appellants demonstrate that they have previously exhausted administrative remedies prior to seeking judicial relief. *See United States v. Henry*, 76 M.J. 595, 610 (A.F. Ct. Crim. App. 2017). We instead consider the entire record and typically give "significant weight" to an appellant's failure to exhaust those remedies before requesting judicial intervention. *Id.*

This court has considered the non-exhaustive list of factors we consider when evaluating the appropriateness of *Tardif* relief. *See Gay*, 74 M.J. at 744. On the whole, we find that Appellant's claims do not merit sentencing relief in this case.

As to the civilian confinement, Appellant's argument is not convincing. We are not persuaded that he did not have the opportunity to obtain his eyeglasses or that he was in solitary confinement. Similarly, as to the military confinement, this court finds that Appellant's complaint that his medication and CPAP machine were withheld, while true, was accomplished pursuant to the decision of medical personnel who determined that neither were medically required.

The relevant question under Article 66(c), UCMJ, is whether Appellant's confinement conditions rendered his sentence inappropriately severe. Appellant's confinement conditions are recognizably unpleasant, however the fact that Appellant was told he could submit a subsequent DD Form 510 for his sleep issues and because he failed to do so suggests that his discomfort was not as great as he now claims. As such, his claims do not render his sentence inappropriately severe. Accordingly, Appellant is not entitled to relief pursuant to *United States v. Gay* or Article 66(c).

### 3. Post-Confinement Prisoner Status

Appellant claims that after he was released from confinement, he was still administratively coded in "prisoner" status and this prevented him from being able to use military medical and personnel services, thereby depriving him of

life, liberty, or property under the Fifth Amendment, in addition to punishing him in violation of the Eighth Amendment and Article 55, UCMJ.

As explained above, this court must first determine whether it has jurisdiction over Appellant's post-confinement issue because Article 66(c), UCMJ, does not grant us unlimited power to grant relief for an administrative matter unrelated to any legal deficiency and unconnected to the legality or appropriateness of a court-martial sentence. Appellant must demonstrate an error connected "to the legality or appropriateness of a court-martial sentence," and not merely a "collateral administrative matter." *Buford*, 77 M.J. at 565.

Here, there is a distinction between the Appellant's sentence and an administrative coding of his status which does not concern the legality or appropriateness of the approved court-martial sentence. Rather, Appellant's post-confinement troubles stem from a failure to correctly establish his status upon his release from confinement. There is simply an insufficient nexus between this post-confinement error and Appellant's approved sentence. Therefore, this court lacks jurisdiction over this issue.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court